**HUNKLER v MATTHEWS et**

Ohio Appeals, 7th Dist, Monroe Co

Decided April 26, 1932

John G. Worley, Cadiz, and John G. Devaul, Woodsfield, for plaintiff in error.

T. J. Kremer, Woodsfield, for defendants in error.

544

**FARR, J.**

It is claimed that this transaction was induced by fraud and misrepresentation upon the part of the Matthews people, aided and abetted by Lorenze; it appears that Lorenze was at the home of the Matthews' and made up some sort of a statement, or "showing," as it is called, and which indicated that the son owed the father $3,209.70, and that the son had given the father a note for this amount, and later transfered the real estate.

The original papers made up by Lorenze are not attached to the record, but copies are attached.

In this connection, it is opportune to observe that the record discloses by the testimony of the father, J. W. Matthews, that the whole transaction between him and his son is or was permeated by fraud.

The father is quite evasive upon the witness stand in many respects, and it is not now necessary to quote from the record which has been read in full.

It is more than significant that Lorenze testified upon the trial in the court below, that the transactions between the father and son were entirely fraudulent, and says that he, himself, was the "crook" in the transaction.

The father and son are unable, under examination, to give any reliable statement with reference to the source from which the funds were obtained to carry on the business between the father and son.

In the meantime, the contents of the store or grocery had been sold, and conveyed by someone so that there remained only the vacant store building, with a few inconsequential fixtures, such as small show cases.

Therefore, it becomes readily apparent from the record that there was a concerted effort upon the part of father and son to defeat the lawful claims of Hunkler against the son.

It is insisted, however, upon the part of defendants in error, that the case at bar does not fall within any of the statutory provisions relating to new trials, or setting aside judgments. §§11576, 11578, 11580, 11631, 11635 GC.

It is insisted that the present action is barred by the statute of limitations. However, in view of the familiar excerpt, that fraud vitiates everything, and in view of the further fact that this is, in reality, an action in equity, it, therefore, becomes one at common law, and the statutes in question do not apply, because they are merely cumulative in character, that is, the remedy by statute is merely cumulative to that at common law. Consequently, that contention cannot avail.

An examination of this record leads to the conclusion that there was a purposeful intent upon the part of the Matthews' to defraud Hunkler, and, possibly feeling unequal to the task of planning and executing the proposition, Lorenze was engaged to that end.

Therefore, the conclusion must be that the judgment is against the weight of the evidence, and, for that reason, must be reversed.

It is also opportune to suggest that had the plaintiff below asked, as he might well have done, for the cancellation of the $2,000.00 note in the hands of the elder Matthews, that such relief might have been granted. The judgment is reversed, and the cause remanded.

POLLOCK and ROBERTS, JJ, concur in the judgment.